NORMAN ANDERSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

## Division B.

## Opinion Filed June 20, 1924

1. The trial court may permit leading questions to be propounded to witnesses, and the exercise of this discretion is not reviewable on writ of error by an appellate court.

2. Where the legal evidence contained in the record is ample to sustain the verdict, a judgment of conviction will not be disturbed by an appellate court.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Affirmed.

*E. L. Bryan,* for Plaintiff in Error.

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

WEST, J.—Plaintiff in Error, Norman Anderson, was charged by indictment with the crime of murder in the first degree. He was found guilty of murder in the second degree. To review the judgment imposing sentence Writ of Error was taken from this Court.

The first question is presented by four assignments of error. All of them are upon rulings of the trial court overruling objections to questions, propounded by the State Attorney to witnesses, upon the ground that they were leading. It is within the judicial discretion of the trial court to permit leading questions to be propounded to witnesses and the exercise of that discretion is not

reviewable on Writ of Error by an appellate court. Stinson v. State, 76 Fla. 421, 80 South. Rep. 506; Padgett v. State, 64 Fla. 389, 59 South. Rep. 946; Penton v. State, 64 Fla. 411, 60 South. Rep. 343; Johnson v. State, 64 Fla. 321, 59 South. Rep. 894; Camp v. State, 58 Fla. 12, 50 South. Rep. 537; Falk v. Kimmerle, 57 Fla. 70, 49 South. Rep. 504. The conduct of the examination of the witnesses, made the basis of assignments, was not such as to warrant a holding that there was an abuse of the discretion reposed in the trial court in overruling objections to questions upon the ground that they were leading. They seem to have been little, if any, more than were necessary to elicit from the reluctant witnesses facts within their knowledge.

The second question is the alleged insufficiency of the evidence to sustain the conviction. This is presented by a ruling denying a motion for new trial upon the ground that the evidence was not sufficient to sustain the verdict finding defendant guilty of murder in the second degree. It will be of no benefit to set out the evidence. Twelve jurymen in the discharge of their duty, who saw the witnesses and heard them testify, concur in the conclusion that the evidence proved defendant's guilt beyond a reasonable doubt. This finding has the sanction of the trial judge. The evidence is ample to sustain it. No error is made to appear.

The judgment is affirmed.

WHITFIELD, P. J., AND TERRELL, J., Concur.

TAYLOR, C. J. AND ELLIS AND BROWNE, J. J., Concur in the opinion.