483 So.2d 70 (1986)
Vernon David BEGLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2583.
District Court of Appeal of Florida, Fourth District.
February 5, 1986.
Rehearing Denied March 7, 1986.
*71 Ronald A. Dion, of Entin, Schwartz, Dion & Sclafani, North Miami Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Noel A. Pelella, West Palm Beach, for appellee.
RIVKIND, LEONARD, Associate Judge.
Begley was charged in a four-count indictment with sexual battery upon his three-year-old daughter between the 7th and 22nd days of July, 1983. Count I charged intercourse, Count II cunnilingus, *72 Count III fellatio and Count IV manual manipulation of the anus, in violation of section 794.011(2) of the Florida Statutes.
A jury convicted Begley of the lesser-included offenses of attempted sexual battery on Counts I and II, of sexual battery on Count III and acquitted him on Count IV. The trial court sentenced him to ten years on Count I, ten years on Count II and to a life sentence with a mandatory twenty-five years' imprisonment on Count III, each sentence to be served consecutively.
Appellant urges three points on appeal. We shall address each point seriatim.

POINT I
Appellant contends the trial court erred in finding the victim (five years old at the time of trial) competent to testify and in allowing the state to ask her leading questions. This point is without merit.
We have reviewed the entire record and find that it supports the judgment of the trial court that the child was competent to testify. Both counsel participated in an extensive voir dire examination of the child concerning her competency to testify. At the conclusion of the hearing, the court found as follows:
The court finds that [victim] is a young girl five years old, and she has as much if not more intelligence than the average five-year-old and she is aware of where she is and she is aware of what it means to tell the truth.
"It is within the sound discretion of the trial judge to decide whether an infant of tender years has sufficient mental capacity and sense of moral obligation to be competent as a witness, and his ruling will not be disturbed, unless a manifest abuse of discretion is shown." Rutledge v. State, 374 So.2d 975, 979 (Fla. 1979), cert. denied, 446 U.S. 913, 100 S.Ct. 1844, 64 L.Ed.2d 267 (1980). The test is intelligence rather than age. Fernandez v. State, 328 So.2d 508 (Fla. 3d DCA 1976), cert. denied, 341 So.2d 1081 (Fla. 1976). No abuse of discretion has been demonstrated.
The state was allowed to use leading questions on direct examination of the child. The use of leading questions to a child of tender years is also within the sound discretion of the trial judge. Ellis v. State, 25 Fla. 702, 6 So. 768 (1889). See also McCloud v. State, 335 So.2d 257 (Fla. 1976); Anderson v. State, 88 Fla. 93, 101 So. 202 (1924); Padgett v. State, 64 Fla. 389, 59 So. 946 (1912). We also find no abuse of discretion has been demonstrated in this regard.

POINT II
Appellant next contends the trial court erred in permitting his estranged wife and a sexual counselor to testify over hearsay objection as to prior consistent statements attributed to the victim.
The child's mother was permitted to testify that on the evening of July 22, 1983, while cleaning her daughter's ears, her daughter said she had a secret between her and her father. The mother then testified as follows:
"Q Did she indicate what the secret was?
"A Yes.
"Q Go ahead.
"A She said that her father had licked her p____y."
Appellee argues that the statement was not hearsay because it was not introduced to establish the truth of the matters contained in the statement, but to establish that the victim had learned the explicit language from her father. However, this argument is without merit since there is nothing in the record to indicate where the child learned the language, assuming, arguendo, it would otherwise be admissible for such purpose.
The state further argues that the statement was admissible under the excited utterance exception to the hearsay rule contained in section 90.803(2), Florida Statutes. This argument also lacks merit since the state failed to lay any predicate that the victim's statement to her mother was made immediately after the event or at her *73 first opportunity to complain and that the statement was made under the stress of excitement caused by the event. Jackson v. State, 419 So.2d 394 (Fla. 4th DCA 1982); Lyles v. State, 412 So.2d 458 (Fla. 2d DCA 1982). There is no indication in the record as to when within the two-week period the incidents occurred, nor is there any indication as to how long she had been home before she made the statement.
Finally, the state argues that the mother's testimony is admissible under section 90.801(2)(b) of the Florida Statutes, which provides:
90.801 Hearsay; definitions; exceptions.
(2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
... .
(b) Consistent with his testimony and is offered to rebut an express or implied charge against him of improper influence, motive, or recent fabrication; or... .
Prior to the time of the statement, appellant had filed for divorce and had sought custody of his daughter. Appellant suggested that his daughter was compelled to lie at the trial by both her mother and the state, due to the pending custody dispute. We agree with the state that the child's statement was properly admissible under the aforesaid section of the Florida Evidence Code. The hearsay exception involving bias, corruption or other motive to falsify is applicable where the prior consistent statement was made prior to the existence of a fact said to indicate bias, interest, corruption or motive to falsify. Parker v. State, 476 So.2d 134 (Fla. 1985);
McElveen v. State, 415 So.2d 746 (Fla. 1st DCA 1982). In the case sub judice, an effort was made to impeach the child's credibility by charging that her testimony had been improperly influenced by both her mother and the state. The admission of her statement to her mother lessened the force of the impeaching evidence by showing the victim had made a consistent statement before she allegedly had been improperly influenced by the state. Therefore, her prior consistent statement was admissible to rebut this implied charge. See Kellam v. Thomas, 287 So.2d 733 (Fla. 4th DCA 1974).
Appellant also challenges, as hearsay, the admission of statements the child made to a counselor at the Sexual Assault Treatment Center in Fort Lauderdale. The statements described an act of fellatio with appellant. The state argues that the testimony was properly admitted as a hearsay exception under section 90.803(4), Florida Statutes, which provides:
(4) Statements for purposes of medical diagnosis or treatment.
Statements made for purposes of medical diagnosis or treatment, or made by an individual who has knowledge of the facts and is legally responsible for the person who is unable to communicate the facts, which statements describe medical history, past or present symptoms, pain or sensations, or the inceptions or general character of the cause or external source thereof, insofar as reasonably pertinent to diagnosis or treatment.
The counselor testified that she met with the victim "just to see how she was doing and what was troubling her at the time." The counselor also testified that part of her job was to prepare young children for their courtroom testimony.
While statements admissible under this exception need not be made to a physician, at a minimum, there must be a showing (a) that the statements were made for the purposes of diagnosis or treatment, and (b) that the individual making the statements knew the statements were being made for this purpose. The record is devoid of any such showing. The state failed to lay a predicate[1] for the admission *74 of the statements under the medical diagnosis or treatment exception to the hearsay rule. Ergo, we conclude the trial court erred in the admission of the hearsay testimony of the sexual counselor.
Having determined that error was committed below, we must consider whether the error requires reversal or falls into the category of harmless error. Section 924.33, Florida Statutes, provides:
No judgment shall be reversed unless the appellate court is of the opinion after an examination of all the appeal papers, that error was committed which injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.
"In determining whether an erroneous ruling below caused harm to the substantial rights of the defendant, an appellate court considers all the relevant circumstances, including ... the general weight and quality of the evidence. In other words, the court inquires generally, whether, but for the erroneous ruling, it is likely that the result below would be different," Palmes v. State, 397 So.2d 648, 653 (Fla. 1981), and "it shall not be presumed that error injuriously affected the substantial rights of the appellant." Section 924.33, Florida Statutes.
It has further been stated that error is harmless when "substantially the same matters are presented to the jury through the testimony of ... other witnesses." Palmes, supra. The victim herself testified to an act of fellatio with her father. Two police officers confirmed that appellant made an inculpatory statement. In this regard, Officer Ledegang testified as follows:
Q Did Mr. Begley, in talking to you indicate anything about sexual contact with his daughter ...
A He stated to me that he did not remember any sexual conduct with (victim), however, it was a possibility, but he could not remember.
Q Did he indicate why?
A He said sometimes he does things that hurt him and he blocks them out of his mind and he cannot remember them later.
We find that the testimony of the counselor did not give significant additional weight to the victim's testimony and its admission was, therefore, harmless. Parker v. State, 476 So.2d 134 (Fla. 1985).

POINT III
Appellant last contends that the trial court erred in imposing separate sentences on appellant because the state failed to prove that the three sexual acts were separate transactions. Although the evidence does not specify the time of the various sexual batteries during the two-week period, they are three separate sexual acts requiring different elements of proof and, thus, constitute three separate crimes pursuant to section 794.011(f), Florida Statutes (1983). That conclusion is required by the provisions of section 775.021(4), Florida Statutes (1983), which provides:
Whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
See Duke v. State, 444 So.2d 492 (Fla. 2d DCA 1984). Appellant relies upon our earlier case of Wade v. State, 368 So.2d 76 (Fla. 4th DCA 1979), as requiring a holding that the three different types of sexual battery experienced here constitute only a single violation of section 794.011. That reliance is misplaced, however, because Wade is distinguishable in that the statute involved in Wade was section 775.021, Florida *75 Statutes (1975), prior to its amendment in 1977 to add subsection (4) quoted above and as it appears in the statute today. Thus, were Wade before the court based upon the controlling statute in effect in this case it would require a decision consistent with Duke.
Accordingly, we affirm appellant's convictions and sentences in all respects.
Affirmed.
DOWNEY and HURLEY, JJ., concur.
NOTES
[1] There was no attempt by the state to show how the statements were reasonably pertinent to any diagnosis or treatment.