508 So.2d 780 (1987)
Christopher HANSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-2686.
District Court of Appeal of Florida, Fourth District.
June 24, 1987.
Richard L. Jorandby, Public Defender and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Diane E. Leeds, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
The defendant was convicted of sexual battery and attempted sexual battery upon a child under twelve as well as lewd, lascivious or indecent assault upon a child under sixteen. We affirm.
Defendant raises three issues here, only one of which bears discussion; namely, whether the trial court should have sustained *781 the defendant's objection to the testimony of the physician who examined the victim. The questioned testimony is as follows:
Q. What did you talk about with Stephanie?
A. I have written down what she told me. This was done way back. I don't remember exactly but I have notes, my notes here.
Q. What was it?
A. She said, "Chris Hanson."
* * * * * *
(Objection was made by appellant's counsel and was overruled by court)
Q. What did she say?
A. Chris Hanson had sex with her about four or five times this summer and she said it happened at his house and she denied having any boyfriends.
Section 90.803(4), Florida Statutes (1985) provides an exception to the hearsay rule, as follows:
STATEMENTS FOR PURPOSES OF MEDICAL DIAGNOSIS OR TREATMENT  Statements made for purposes of medical diagnosis or treatment by a person seeking the diagnosis or treatment, or made by an individual who has knowledge of the facts and is legally responsible for the person who is unable to communicate the facts, which statements describe medical history, past or present symptoms, pain, or sensations, or the inceptions or general character of the cause or external source thereof, insofar as reasonably pertinent to diagnosis or treatment.
It was not error in the instant case for the physician to testify that the victim said that someone had sex with her, it was error  albeit harmless in this case  for the physician to recite the name of the person who had sex with her. Here, as in Begley v. State, 483 So.2d 70 (Fla. 4th DCA 1986), not only was there the testimony of the victim, but also the defendant's inculpatory statement. Moreover, in this case the child kept a diary of the episodes. Hence the physician's mention of the perpetrator's name was merely cumulative.
WALDEN and STONE, JJ., concur.