546 So.2d 445 (1989)
Curtis Greg BRADLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-866.
District Court of Appeal of Florida, First District.
July 7, 1989.
*446 Michael E. Allen, Public Defender and David P. Gauldin, Sp. Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Bradford L. Thomas, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
SHIVERS, Chief Judge.
The original opinion is withdrawn and the following opinion is substituted therefor.
Appellant appeals a guilty verdict and judgment[1] on two counts of lewd, lascivious, indecent assault or act upon a child under the age of 16 years on the ground, inter alia, that the trial court erroneously admitted into evidence the portion of a clinic record indicating that the victim told a clinic staff member she was raped. We agree.
The pregnant victim, who was 14 at the time of the alleged incident, testified that the defendant forcibly had intercourse with her in the evening of July 4, 1987. The victim's mother had a three-day party the July 4th weekend and permitted the defendant to spend the night to sober up.
The victim testified that about a month later she realized her period had been disrupted so she then told her mother about the incident. A few days later, the victim went to the Family Planning Clinic at the Escambia County health unit for a pregnancy test and physical exam. While there she told a staff member that she had been raped July 4, 1987 and the staff member entered "raped 7-4-87" onto the victim's health history form. The pregnancy test was positive.
At trial, the supervisor of the Family Planning Clinic testified, over the objection of defense counsel, about the portion of the health history form that indicated that the victim told a clinic staff member that she had been raped on July 4, 1987. The clinic records were introduced as state exhibits. The defense did not object to the admission of the records themselves but only to the "raped" entry and testimony.
Section 90.803(4), Fla. Stat. (1987) provides a hearsay exception for statements made for the purpose of medical diagnosis or treatment. "[S]tatements which describe the inception or cause of the injury if they are reasonably pertinent to the treatment are also within the exception." C. Ehrhardt, Florida Evidence, section 803.4 (2d ed. 1984).
The purpose of the victim's visit was not to receive treatment for injuries due to assault or rape. United States v. Iron Shell, 633 F.2d 77 (8th Cir.1980), cert. denied, 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981) (Victim's statements as *447 to how rape occurred, made the evening of the assault to the doctor examining her because of the assault, were admissible under Federal Rule 803(4)). The only purpose of the victim's visit was to substantiate her and her mother's suspicion that she was pregnant. Although a recorded statement about the nature of an accident or the physical characteristics of an assailant may be "reasonably pertinent to treatment or diagnosis" of a physical or psychological injury, the victim's recorded statement, in this case, to a clinic staff member that she was raped is not "reasonably pertinent" to the diagnosis of whether she was pregnant. We find no hearsay exception exists for the victim's statement and we are particularly circumspect because the reliability of the victim's statement is not armed with the assurances on which the exceptions to the hearsay rule are premised. C. Ehrhardt, supra, section 803. The statement was made over one month after the incident in question. The statement not only lacks the necessary reliability but its probative value is outweighed by the danger of unfair prejudice. The jury should not have heard or seen the statement.
We must next determine whether the error "injuriously affected the substantial rights of the appellant," section 924.33, Fla. Stat. (1987), and "whether, but for the erroneous ruling [admitting this evidence], it is likely that the result below would be different." Begley v. State, 483 So.2d 70, 74 (Fla. 4th DCA 1986) (quoting Palmes v. State, 397 So.2d 648, 653 (Fla. 1981). We find that the erroneous admission of this prejudicial statement before the jury likely affected the result in this case. It was entered on a medical form and testified to by a medical authority, the clinic supervisor, which made it very likely that the statement was imbued with an authoritative conclusiveness that is inappropriate. Without admission of this statement the essence of the case would simply have been the victim's word against the defendant's. The jury may well have come to the same conclusions without admission of the statement but in a case such as this which would otherwise have depended primarily on the jury's assessment of the witnesses' credibility (both the victim and appellant testified), the erroneous admission of the "raped" statement injuriously affected appellant's substantial right to a fair trial. We cannot say beyond a reasonable doubt that the erroneous admission of the "raped" statement did not affect the verdict; therefore the admission is necessarily harmful and a new trial is warranted. See State v. Lee, 531 So.2d 133 (Fla. 1988); State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Because we grant appellant a new trial, we need not address his remaining points on appeal.
REVERSED and REMANDED.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] The judgment, which indicates convictions on one count of a lewd and lascivious act and a second count of sexual battery, is not consonant with the jury verdict finding defendant guilty of two counts of lewd, lascivious, indecent assault or act upon a child.