553 So.2d 380 (1989)
Robert Lee DANZY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1151.
District Court of Appeal of Florida, First District.
December 11, 1989.
Lloyd L. Vipperman, Jr., Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen. and Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant seeks reversal of his judgment of conviction for sexual battery, raising two issues: first, he argues that the trial court erred in admitting hearsay not within an exception under the Florida Evidence Code; secondly, that the trial court erred in denying his motion for a judgment of acquittal. We affirm on both issues.
Appellant was living at his girlfriend's apartment when the girlfriend's sister, the victim, came to stay in order to recuperate from an automobile accident. The victim had an injured back, and chose to sleep on the living room floor. When the victim awoke one morning she went to the bedroom where the appellant and his girlfriend were sleeping in order to wake the appellant for work. The appellant followed the victim into the living room and lifted her into a recliner chair. In so doing, he fondled the victim's breast and committed a digital penetration of the rectum. The victim felt unable to scream at first, but got to the door of the apartment. Upon exiting the apartment, she fell down the apartment stairwell re-injuring her back and neck.
That day she returned to the medical center where she received treatment for her injury. An examining doctor, although not the one who had initially treated the victim following her accident, inquired how she had been reinjured. At first, the victim said only that she had fallen down a flight of stairs. The doctor testified that the victim was obviously upset, and he felt it was necessary to learn why she was upset and how she had fallen. At the doctor's urging, the victim recounted the battery preceding the fall. After hearing of the battery, the doctor instructed the victim to go to the hospital in order to obtain a rape examination. A nurse at the emergency room of Alachua General Hospital where the victim reported testified that the victim had claimed to have been sexually battered.
Appellant objected to the testimony of the doctor and nurse, arguing that it *381 was inadmissible hearsay. The prosecution argued, and the trial court so found, that the testimony was admissible under the medical treatment or diagnosis exception to the hearsay rule, Section 90.803(4), Florida Statutes (1987). This exception provides that statements made for the purpose of medical diagnosis or treatment by a person seeking diagnosis or treatment which "describe medical history, past or present symptoms, pain, or sensations, or the inceptions or general character of the cause or external source thereof, insofar as reasonably pertinent to diagnosis or treatment" are admissible. As Professor Ehrhardt indicates, not only are statements of symptoms admissible under this exception, but statements which describe the inception or cause of injury are also admissible if the statements are reasonably pertinent to diagnosis or treatment. Ehrhardt, Florida Evidence, § 803.4 (2d Ed. 1984). Whether a statement is "reasonably pertinent" is a question of fact and should be evaluated from a physician's perspective. Id.
The appellant argues that because the victim consulted the doctor for her back and neck injury, her statement concerning the sexual battery was irrelevant for treatment or diagnosis of that condition. While it is true that the victim went to the doctor initially for examination of her back and neck following her fall, the trial court did not err in finding that her statement describing the sexual battery is nonetheless admissible as "reasonably pertinent" to diagnosis or treatment of the victim's general condition. In so ruling, the trial judge evidently found, as we do also, that this statement is reasonably pertinent because the doctor himself felt it necessary to inquire how the victim aggravated her injury and why she was so visibly upset. The doctor specifically testified that he believed it was important to find out why his patient was in obvious distress. By the same token, the statement to the nurse at the emergency room was made to assist a medical examination.
We find this case distinguishable from Bradley v. State, 546 So.2d 445 (Fla. 1st DCA 1989) in which this court held that the statement made by a person seeking a confirmation of her suspicion of pregnancy at a family planning clinic was not admissible under the medical treatment diagnosis exception. In Bradley, the declarant had told clinic personnel that she had been raped previously. This court noted that the only purpose of the declarant's visit in Bradley to the health clinic was to substantiate her and her mother's suspicion that she was pregnant. The court further stated that while the recorded statement about the nature of an accident or physical characteristic of an assailant may be reasonably pertinent to treatment or diagnosis of a physical or psychological injury, the statement by the declarant that she was raped several weeks previously was not reasonably pertinent to the diagnosis of whether she was then pregnant. In the case before us, the doctor, faced with a distraught woman complaining of worsened neck and back pain, believed he needed to know the source of her agitation in order to provide all necessary treatment.
As the court noted in Bradley, the statement at issue in that case was not especially reliable as it was made one month after the incident by a sixteen-year-old; and further, that not only was the statement's reliability questionable, but that its probative value was substantially outweighed by unfair prejudice. By contrast, the statement made to the doctor in the instant case has substantial reliability in that it was made only hours after the battery occurred and was made after repeated requests by a doctor who believed his patient's emotional condition was a consideration in his examination. The circumstances under which the statement was made and the purpose for which the same was elicited thus insure its trustworthiness and admissibility under the evidence code. Cf., United States v. Iron Shell, 633 F.2d 77, 83-84 (8th Cir.1980), cert. denied, 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981) (rationale behind the rule of admissibility focuses on patient's strong motive to tell the truth because diagnosis or treatment will depend on what patient says; and rule is supported by a second rationale  that this information is of the kind reasonably *382 relied upon by physician in diagnosis or treatment).
The appellant also argues on appeal that the trial court erred in denying his motion for a judgment of acquittal. Appellant argues that the evidence consisted primarily of the victim's identification of the appellant as her assailant. While conceding that this is enough to establish a prima facie case, appellant argues that because the victim testified that she felt incapable of screaming, but was able to get out of the recliner chair and leave the apartment, her testimony is contradictory and incredible. Viewing the evidence in a light most favorable to the state, we conclude that the trial court did not err in denying the motion for a judgment of acquittal. The victim's testimony that she was unable to scream yet eventually able to get to the door of the apartment goes to the question of weight rather than sufficiency or competency. Accordingly, we find no basis for reversal.
AFFIRMED.
MINER, J., and TILLMAN PEARSON (Retired), Associate Judge, concur.