BASKIN, Judge
(specially concurring).
Although I concur in the result, I disagree with the majority’s analysis of the physician’s statements. In my view, it is necessary to decide whether the admission of the physician’s testimony constituted error. Section 90.803(4), Florida Statutes (1987), creates a hearsay exception for statements “made for purposes of medical diagnosis or treatment by a person seeking the diagnosis or treatment ... insofar as *1187 reasonably pertinent to diagnosis or treatment.” “[N]ot only are statements of symptoms admissible under this exception, but statements which describe the inception or cause of injury are also admissible if the statements are reasonably pertinent to diagnosis or treatment.” Danzy v. State, 553 So.2d 380, 381 (Fla. 1st DCA 1989).
The majority does not specify whether it considers the physician’s statements hearsay. In my opinion, the statements are hearsay but were properly admitted under the exception created by section 90.803(4). The physician testified that the identity of the assailant was pertinent to the diagnosis and psychological treatment of the girls.
Q. Well, at the time she made the statement to you, that her brother had been sexually assaulting her, did — was she — is part of your examination for psychological purposes, or counseling, as well?
A. Yes, because we have a social worker in the Rape Treatment Center, that counsels the patient.
Q. All right. And is it pertinent in the sense as to what type of counseling she will receive, whether a family member, in fact sexually assaulted her?
A. Yes, it’s pertinent.
The doctor’s hearsay testimony is admissible as an exception under section 90.803(4), because it contains a statement made to a physician for purposes of treatment. The challenged statements were made for the purposes of medical treatment, and the persons making the statements knew they were being made for that purpose. Lazarowicz v. State, 561 So.2d 392 (Fla. 3d DCA 1990); Begley v. State, 483 So.2d 70 (Fla. 4th DCA 1986). Here, the physician questioned the victims about the identity of their assailant to enable them to be counseled appropriately at the Rape Treatment Center. Whether the assailant was a family member was a pertinent inquiry for that objective, and the trial court properly admitted the physician’s testimony.