577 So.2d 599 (1991)
MARION COUNTY, Appellant,
v.
Edward J. CAVANAUGH, et Ux., Appellees.
No. 90-173.
District Court of Appeal of Florida, Fifth District.
February 21, 1991.
Rehearing Denied April 8, 1991.
Sharon Lee Stedman and J. Scott Kirk of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Orlando, for appellant.
John H. Piccin of John H. Piccin, P.A., and S. Sue Robbins of Matthies, Cross, deBoisblanc, Haldin & Robbins, Ocala, for appellees.
PER CURIAM.
This is the appeal of a jury verdict awarding $400,000 in damages to appellee Edward Cavanaugh, and $50,000 to his wife, for a back injury he suffered in an accident in which his pickup truck was struck by a garbage truck. Appellant has raised three issues on appeal, only one of *600 which we believe warrants reversal.[1] Appellant complains it was error for the trial court to refuse to permit it to introduce a thirty minute videotape of surveillance of the appellee performing a variety of tasks in his yard, including hanging laundry, car repair, gardening or yard work, bending, and lifting. The tape was offered, along with the testimony of a photographer, at midday on Saturday, after appellant had concluded examination of the witness who was not available on Friday afternoon.
Appellees objected to admission of the tape on two grounds. First, they argued the probative value of the tape would be outweighed by its prejudicial effect because the tape was a distillation of some 44 hours of surveillance taken over six days and did not show Mr. Cavanaugh engaged in any prolonged physical activity over an extended or continuous period of time. As counsel characterized the testimony, Mr. Cavanaugh had never testified he could not perform any of the activities shown on the tape and, indeed, testified that he did perform some physical tasks, such as mowing his lawn. Also, appellees argued with some force that appellant's counsel did not attempt to introduce the videotape until the "11th hour" of the trial because appellant's counsel had never viewed the tape until Friday night and the trial judge, having had to adjourn court early on Friday because appellant ran out of witnesses or evidence to present, was justified in refusing appellant's belated attempt to present the videotape to the jury. On this point, we sympathize with the court and with appellee. Appellant's lack of preparation, which resulted in a tardy and weak proffer of this videotaped evidence to the trial court, while not the stated basis for the court's ruling, no doubt influenced the court's decision. The trial court did not review the proffered tape.
Unfortunately, because the videotape was relevant and was offered in the course of presentation of appellant's defense, we must conclude that the exclusion of the videotape was error. Moreover, having viewed the tape, we cannot say that the failure to allow this evidence was harmless error. The videotape includes several sections of up to fifteen minutes of continuous footage, taken mainly in the course of one day, and shows Mr. Cavanaugh performing a series of physical activities outside his home. Although there is some discontinuity because Mr. Cavanaugh would go inside from time to time for short periods, the proffered tape shows him engaged in several rather vigorous activities over about a two-hour period. Either to show the extent Mr. Cavanaugh's injuries have affected his ability to do physical work, to show that he is doing physical work harmful to his back in violation of his doctor's recommendations, or even, contrary to appellees' argument, for impeachment, the videotape was relevant evidence. Appellant should have been allowed to show it to the jury. See Herbert v. Garner, 78 So.2d 727 (Fla. 1955).
Because appellant concedes there was no appealable error in the jury's determination of liability and because no harmful error occurred in the trial except for the exclusion of the videotaped evidence pertaining to the extent of Mr. Cavanaugh's back injury, we remand for a new trial on damages only.
REVERSED in part; REMANDED.
PETERSON, GRIFFIN and DIAMANTIS, JJ., concur.
NOTES
[1] We see no error in the court's ruling on the seatbelt issue. If the jury instruction on collateral sources was error, it was clearly harmless.