636 So.2d 166 (1994)
OTIS ELEVATOR COMPANY, Appellant,
v.
Jean YOUNGERMAN, Appellee.
No. 92-1503.
District Court of Appeal of Florida, Fourth District.
April 27, 1994.
Rehearing and Rehearing Denied June 2, 1994.
Thomas E. Ice of Barwick, Dillian & Lambert, P.A., Miami Shores, for appellant.
Scott Mager, Law Offices of Scott Mager, P.A., Coral Springs, Gary S. Gaffney, Law Offices of Gary S. Gaffney, P.A., Hollywood, and Walter G. Campbell, Jr., Krupnick, Campbell, Malone & Roselli, P.A., Fort Lauderdale, for appellee.
Rehearing and Rehearing En Banc Denied June 2, 1994.
*167 WARNER, Judge.
In this appeal from a final judgment rendered after a jury verdict in favor of appellee, appellant claims that the court erred in reading self-serving and prejudicial portions of a Mary Carter agreement to the jury. It also claims that a nurse's testimony should not have been excluded. We agree as to both issues and reverse. Gold, Vann & White, P.A. v. DeBerry, ___ So.2d ___, No. 91-0392 (Fla. 4th DCA April 27, 1994), is dispositive on the first issue. It is error to read self-serving prejudicial portions of a Mary Carter agreement. Appellee contends that the appellant did not properly preserve its objection, but we disagree. Appellant's counsel moved to strike the paragraph containing the offending statements (which dealt both with objectionable statements regarding appellant's negligence as well as the seriousness of appellee's injuries) which was denied by the trial court, and counsel persisted in expressing his disagreement with the court's determination after it was made.
It also was error to have excluded the appellee's statement to an emergency room nurse. The appellee's contention at trial was that an elevator malfunctioned, throwing appellee to the floor of the elevator, causing her to break her hip. The nurse was recording information taken from appellee as part of appellee's medical history when she arrived at the hospital on the day of the accident for treatment of her injuries. The nurse recorded that appellee stated she fainted or passed out and fell. The statement was admissible under section 90.803(4) as pertinent to diagnosis and treatment. It described "past or present symptoms," i.e. fainting, and was made to the nurse in the course of appellee's seeking treatment at the hospital for her injuries.
To be admissible under the rule, "[t]he statements are not required to be made to a medical doctor. They may be made to an ambulance attendant, a nurse, or some other individual as long as they are made for the purpose of obtaining treatment." Ehrhardt, Florida Evidence § 803.4, p. 483-84 (1993 Edition). Thus, the rule focuses on the motivation of the person making the statement and is premised on the assumption that a person seeking medical help will truthfully relate her symptoms and medical history. See Meaney v. United States, 112 F.2d 538, 539-40 (2d Cir.1940); Ehrhardt § 803.4, p. 481. See also Danzy v. State, 553 So.2d 380 (Fla. 1st DCA 1989); Begley v. State, 483 So.2d 70 (Fla. 4th DCA 1986). We do not accept appellee's contention that a physician must testify to the pertinence of the statement to a particular medical diagnosis and treatment as an essential predicate to admissibility when the statement relates to the patient's physical condition.[1] The cases cited by appellee excluding patients' statements all deal with statements of fault assessment or external causes of an accident and not with the patient's physical symptoms. See e.g. Saul v. John D. and Catherine T. MacArthur Foundation, 499 So.2d 917 (Fla. 4th DCA 1986).
Reversed and remanded for a new trial.
HERSEY, J., concurs.
GUNTHER, J., dissents with opinion.
GUNTHER, Judge, dissenting.
I respectfully dissent. I disagree with the majority's conclusion that the appellant properly preserved its objection to reading self-serving and prejudicial portions of the Mary Carter agreement to the jury.
In my view, the appellant's objection failed to adequately apprise the court of precisely what sentence of the agreement was objectionable. In objecting to an entire paragraph, parts of which are clearly admissible, the appellant placed the burden on the trial court to ferret out the objectionable sentences. It is the attorney's burden to state with particularity what sentences are deemed inadmissible so that the court can make a specific ruling without having to ferret out the objectionable sentences from the admissible ones.
*168 I am also unable to find adequate record support for the majority's statement that appellant's counsel persisted in expressing his disagreement with the court's determination after it was made.
The majority also finds that the trial court erred in excluding the appellee's statement to an emergency room nurse. While taking the appellee's medical history, the nurse recorded that the appellee stated she passed out and fell. The majority concludes that this statement was admissible under section 90.803(4), Florida Statutes, as reasonably pertinent to medical diagnosis or treatment because it described past or present symptoms. I cannot agree.
Section 90.803(4) provides that hearsay statements are admissible when:
made for purposes of medical diagnosis or treatment by a person seeking the diagnosis or treatment ... which statements describe medical history, past or present symptoms, pain, or sensations, or the inceptions or general character of the cause or external source thereof, insofar as reasonably pertinent to diagnosis or treatment.
A trial court's determination of the admissibility of evidence under section 90.803(4) will not be disturbed on review unless the trial court abused its discretion. Flanagan v. State, 586 So.2d 1085, 1097 (Fla. 1st DCA 1991). Where reasonable minds can differ as to the propriety of the trial court's action, the action is not unreasonable and is not an abuse of discretion. Mercer v. Raine, 443 So.2d 944, 946 (Fla. 1983).
The medical diagnosis or treatment hearsay exception is premised on the assumption that a person seeking medical help has a strong motivation to be truthful because of the desire for effective treatment. State v. Jones, 625 So.2d 821, 823 (Fla. 1993) (citing Ehrhardt, Florida Evidence § 803.4). Under this exception, statements of symptoms as well as statements describing the inception or cause of injury are admissible if reasonably pertinent to diagnosis or treatment. Id. In the instant case, the appellee sought medical help for a broken hip. How the appellee broke her hip, i.e. whether she fell as a result of the elevator suddenly stopping or whether she fainted and fell, is not reasonably pertinent to her medical diagnosis or treatment. See Saul v. John D. & Catherine T. MacArthur Foundation, 499 So.2d 917 (Fla. 4th DCA 1986) (whether the plaintiff tripped and fell because she caught her heel on the floor due to the defendant's negligence in leveling an elevator or because she caught her heel in the hallway carpet was "not relevant to the diagnosis and treatment of her shoulder").
Although the majority characterizes the appellee's statement as describing a past or present symptom, this characterization does not affect the analysis under section 90.803(4). Once a statement qualifies under section 90.803(4), the test for admissibility is whether the statement is reasonably pertinent to medical diagnosis or treatment, which usually is evaluated from a physician's perspective. Ehrhardt, Florida Evidence § 803.4 (1993 Edition). While I agree with the majority that a statement need not be made to a physician to be admissible, determining that a statement is pertinent to medical diagnosis or treatment necessarily requires evidence that the physician believed the information was important for diagnostic or treatment purposes. Danzy v. State, 553 So.2d 380 (Fla. 1st DCA 1989). I do not contend that in every case this means a physician must testify that a particular statement is reasonably pertinent to medical diagnosis or treatment. However, in this case, the record is wholly inadequate to find that the appellee's statement that she passed out and fell was reasonably pertinent to her medical diagnosis or treatment.
Here, the emergency room nurse recorded in the appellee's medical history that the appellee stated she passed out and fell. The nurse stated that she takes a patient's history to "assist in knowing what happened to the patient and to assist the physician in his diagnosis." Although the nurse stated that to her knowledge a physician uses or reads a patient's record, she could not confirm what information in a patient's record a physician actually uses in making a diagnosis. The nurse admitted that she cannot make a diagnosis and that she did not use the appellee's statement for diagnostic purposes. Further, *169 the record does not indicate that the appellee was treated for anything other than a broken hip at the time of her admittance to the emergency room. Although the nurse recorded in the appellee's medical history that the appellee passed out and fell, nothing in the record suggests that this information was relied on or used in diagnosing or treating the appellee. Based on this record, I conclude that the trial court did not abuse its discretion in disallowing the nurse's testimony.
NOTES
[1] Although not argued below, appellee's statement would also be an admission against interest. See section 90.803(18); Wilkinson v. Grover, 181 So.2d 591, 593 (Fla. 3d DCA 1965), cert. denied, 188 So.2d 824 (Fla. 1966).