ANTOON, Judge.
Robert Sehroeder (defendant) appeals his judgment and sentence entered by the trial court after a jury found him guilty of committing a sexual battery upon a mentally defective person.[1] We reverse because the trial court erred when it admitted, over defendant’s objection, hearsay testimony from the state’s expert witness.
The state alleged defendant violated section 794.011(4)(e), Florida Statute (1995), by committing a sexual battery upon a mentally defective person. “ ‘Mentally defective’ means a mental disease or defect which renders a person temporarily or permanently incapable of appraising the nature -of his or her conduct.” § 794.011(l)(b), Fla. Stat. (1995). The victim testified at trial that he agreed to perform oral sex on defendant “as a favor” to defendant. However, the state contended the victim did not have the capacity to consent because he was mentally defective.
To support its position, the state presented the testimony of Diane Johnson, a licensed family therapist and psychotherapist. She .was called to testify as an expert in the area of psychotherapy. Johnson testified that she met with the victim before trial and reviewed the victim’s medical records which revealed a history of chronic schizophrenia, difficulty discerning reality from fantasy, and a low intelligence quotient. Johnson stated that during her meeting with the victim she questioned him about the alleged sexual encounter with the defendant. When the state asked Johnson to testify as to what the victim told her about the encounter, *333 defendant objected arguing the question would elicit inadmissible hearsay. The trial court overruled the objection, agreeing with the state that the hearsay testimony was admissible because the victim made the statements for the purpose of medical diagnosis or treatment.[2] Johnson then testified that the victim told her that he performed oral sex on defendant because the “[defendant] was nice to me and he gave me a $1.87, a cup of coffee, and bought me a beer.”
Defendant contends that the trial court erred in relying on section 90.803(4), Florida Statutes (Supp.1996), to admit Johnson’s testimony because the victim’s statements were not made to Johnson for the purpose of medical diagnosis or treatment.[3] The instant record supports this contention.
“While statements admissible under this exception need not he made to a physician, at a minimum, there must be a showing (a) that the statements were made for the purposes of diagnosis or treatment, and (b) that the individual making the statements knew the statements were being made for this purpose.” Begley v. State, 483 So.2d 70, 73 (Fla. 4th DCA 1986). Here, there was no evidence that the victim made the statements to Johnson for the purpose of diagnosis or treatment. It is also clear from the .record that Johnson did not rely on the victim’s identification of defendant to support her conclusion - that the victim suffered from a mental disease or defect. Therefore, the trial court erred in admitting this testimony. See State v. Jones, 625 So.2d 821, 826 (Fla. 1993) (holding that a child’s statements to a medical provider as to the identity of the child’s abuser are inadmissible under section 90.803(4)); see also Escoto v. State, 624 So.2d 836, 837 (Fla. 5th DCA 1993).
The record in the instant case further establishes that the trial court’s error in admitting Johnson’s testimony contributed to the guilty verdict entered in this case; therefore, the improper admission of this testimony cannot be considered harmless error. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986). Specifically, Johnson’s testimony im-permissibly bolstered the victim’s credibility because it reiterated the victim’s trial testimony that it was defendant who initiated the sexual encounter. This testimony contradicted . defendant’s pretrial statement that the victim was the initiator. See Bertram v. State, 637 So.2d 258, 260 (Fla. 2d DCA 1994) (holding testimony which bolsters sexual battery victim’s credibility is not harmless error). Accordingly, we must reverse defendant’s judgment and sentence, and remand this matter to the trial court for a new trial.
REVERSED and REMANDED.
COBB and THOMPSON, JJ., concur.

. § 794.01 l(4)(e), Fla. Stat. (1995).

. See § 90.803(4), Fla. Stat. (Supp.1996).

. The state did not submit this testimony pursuant to section 90.803(24), Florida Statutes (Supp. 1996), which provides procedures for the admission of hearsay statements made by a disabled adult describing any act of sexual battery.