746 So.2d 483 (1999)
Curtis WILLIAMSON and Mary Lou Williamson, Appellants/Cross-Appellees,
v.
SUPERIOR INSURANCE COMPANY, Appellee/Cross-Appellant.
No. 97-00195.
District Court of Appeal of Florida, Second District.
August 25, 1999.
Rehearing Denied September 14, 1999.
*484 Miriam J. Fisher, Pinellas Park, and Richard A. Bokor, Tampa, for Appellants/Cross-Appellees.
Rex E. Delcamp of Delcamp & Siegel, St. Petersburg, for Appellee/Cross-Appellant.
PER CURIAM.
Curtis Williamson and Mary Lou Williamson (the Williamsons) challenge a final judgment entered in favor of Superior Insurance Company (Superior) in a personal injury action. They allege that the trial court erred in denying their motion for a directed verdict and their motion for a new trial on the issue of permanent injury. Superior cross-appeals the trial court's exclusion of certain medical records and a surveillance tape. We reverse the trial court's denial of the directed verdict and exclusion of evidence.
Curtis Williamson was injured in an automobile accident on June 21, 1992, when his vehicle was rear-ended by a vehicle being driven by James Joseph Sorsby. His injuries included low back injury/pain, neck injury/pain, left shoulder injury/pain, *485 headaches, and temporomandibular joint (TMJ) dysfunction. Mr. Williamson stated at trial that he had sustained a back injury over thirty years prior to the present accident. Those injuries had cleared up during the next two years, and there had been no problems for a period of almost thirty years. Mr. Williamson testified that prior to this accident he was able to maintain his lawn care business without any physical limitations. After the accident he began having problems which interfered with his ability to run the business and resulted in his hiring an additional person. Mr. Williamson's testimony was corroborated by his wife who stated that her husband had no business or social limitations during the last thirty years. Joseph Gwynne, who worked with Mr. Williamson both before and after the accident, testified that Mr. Williamson had no difficulty performing such tasks as heavy lifting, moving dirt or trimming shoulder-high plants until after the June 21 accident.
The Williamsons offered the testimony of three physicians on the issue of the permanency of Mr. Williamson's injury. Doctors DePolo and DiCarlo testified that Mr. Williamson's back and jaw injuries were the result of the accident on June 21, 1992, and that the condition was permanent. Dr. Garcia, a dentist specializing in the treatment of jaw ailments, testified concerning Mr. Williamson's temporomandibular joint (TMJ) injury. Dr. Garcia attributed a 19% permanent disability to the TMJ problem, and he opined that the TMJ was a result of the accident on June 21, 1992.
Superior presented the testimony of two medical experts at trial. Dr. Greenberg, who gave no significance to the bulging disks that Mr. Williamson's doctors found significant, admitted that a previously asymptomatic arthritic condition could be permanently aggravated by a trauma, such as the type of trauma suffered in the present case. Additionally, Dr. Slomka stated that a moderate to severe arthritis condition with little or no symptoms can become symptomatic by moderate to severe trauma.
At the conclusion of the evidence in this jury trial, counsel for the Williamsons moved for a directed verdict on the issue of permanency. After the motion was denied, the jury found Mr. Williamson had not sustained a permanent injury and returned a verdict for the defense on that issue. A timely motion for new trial was subsequently denied.
A party moving for a directed verdict admits the truth of all facts in evidence and every reasonable conclusion or inference which can be drawn from such evidence favorable to the non-moving party. See Powell v. Napolitano, 578 So.2d 747 (Fla. 2d DCA 1991); Azar v. Richardson Greenshields Sec., Inc., 528 So.2d 1266 (Fla. 2d DCA 1988). A motion for directed verdict should only be denied and the case submitted to the jury if conflicting evidence has been presented by the parties. When a plaintiff presents expert testimony to support a claim of a permanent injury, the defense, in order to survive a motion for a directed verdict, must come forward with either countervailing evidence on the permanency issue or must severely impeach the proponents experts. See Holmes v. State Farm Mut. Auto. Ins. Co., 624 So.2d 824 (Fla. 2d DCA 1993). A jury is free to determine the credibility of expert testimony and decide what weight should be ascribed to such testimony in light of conflicting evidenceincluding lay testimony. See Easkold v. Rhodes, 614 So.2d 495 (Fla.1993). However, a jury is not free to reject uncontroverted medical testimony indicating a permanent injury. See Vega v. Travelers Indem. Co., 520 So.2d 73 (Fla. 3d DCA 1988); Short v. Ehrler, 510 So.2d 1110 (Fla. 4th DCA 1987).
In the instant case, the medical experts testifying on behalf of Mr. Williamson stated that he had sustained a permanent injury as a result of this accident. While the two experts offered by *486 Superior took issue with certain aspects of Mr. Williamson's experts' testimony, neither Dr. Greenberg nor Dr. Slomka said there was no permanent injury caused by this accident. In fact, both agreed that an aggravation of a nonsymptomatic arthritis would be considered a permanent exacerbation.
There is no evidence to refute Mr. Williamson's claim of a permanent injury. Therefore, the jury's verdict finding no permanent injury was against the manifest weight of the evidence. The jury was not free to reject the uncontroverted medical testimony indicating a permanent injury. See Vega v. Travelers Indem. Co. The Williamsons were entitled to a directed verdict on the issue of permanency.
Superior has cross-appealed two evidentiary rulings made by the trial courtthe failure to admit medical records of Mr. Williamson's visit to a physician concerning chest pains and the failure to admit a surveillance tape. Both items of evidence are relevant to the issue of the extent of damages. Mr. Williamson claims his injuries are such that he cannot perform the activities involved in his lawn care business. He claims damages based on having to hire additional help to carry out work he could have performed prior to this accident. To the extent that the medical records contain Mr. Williamson's statements about his physical activities and the surveillance tape depicts Mr. Williamson engaged in physical activities, these items are relevant to the issue of damages and should be admitted at any subsequent proceedings. See Otis Elevator Co. v. Youngerman, 636 So.2d 166 (Fla. 4th DCA 1994); Marion County v. Cavanaugh, 577 So.2d 599 (Fla. 5th DCA 1991).
Because the records and tape which we conclude should have been admitted might also have relevancy on the questions of permanency and causation as well as the amount of damages, all of these issues should be retried. Accordingly, we reverse the final judgment and remand for a new trial on the issues of causation, permanency and damages.
Appeal and cross-appeal reversed; remanded for new trial.
BLUE, A.C.J., CASANUEVA, J., and QUINCE, PEGGY A., Associate Judge, Concur.