STONE, J.
We reverse Appellant’s convictions and sentences for armed kidnapping and aggravated battery. The trial court erred in admitting a medical report containing inadmissible hearsay.
At trial, Appellant moved in limine to exclude the medical record prepared by the victim’s physician. In it, the doctor stated, “[Patient] has had domestic abuse with a boyfriend ...” and “I read the police report and this has also been documented relative to domestic abuse.”
The trial court admitted the “medical” statements under section 90.803(4), Florida Statutes, which provides for the admission of:
Statements made for purposes of medical diagnosis or treatment by a person seeking the diagnosis or treatment, or made by an individual who has knowledge of the facts and is legally responsible for the person who is unable to communicate the facts, which statements describe medical history, past or present *1220 symptoms, pains, or sensations, or the inception or general character of the cause or external source thereof, insofar as reasonably pertinent to diagnosis or treatment.
For a statement to be admissible under this exception, there must be a showing that the declarant made the statement for the purpose of diagnosis or treatment and knew that it was being made for this purpose. Begley v. State, 483 So.2d 70, 73 (Fla. 4th DCA 1986). Here, there is no showing that the statements were made for the purpose of diagnosis or treatment. The offending hearsay, clearly, is not reasonably pertinent to the diagnosis or treatment of the victim’s injuries. See Torres-Arboledo v. State, 524 So.2d 403 (Fla.1988). Accordingly, the hearsay should not have been admitted.
We cannot say that the error constitutes harmless error. See Goodwin v. State, 751 So.2d 537, 540 (Fla.1999). In Begley, the error was deemed harmless, as substantially the same matters had been presented to the jury through the testimony of other witnesses. See Begley, 483 So.2d at 74. Here, the doctor’s reference to the police report gave significant extra weight to the victim’s testimony. See Schroeder v. State, 715 So.2d 331 (Fla. 5th DCA 1998); Lazarowicz v. State, 561 So.2d 392 (Fla. 3d DCA 1990).
We, therefore, reverse and remand for further proceedings.
KLEIN and STEVENSON, JJ., concur.