865 So.2d 17 (2003)
Richard WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4383.
District Court of Appeal of Florida, Fourth District.
December 24, 2003.
Rehearing Denied February 18, 2004.
*18 Carey Haughwout, Public Defender, and Michael Antinori, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Linda Harrison, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, C.J.
We affirm defendant's conviction for capital sexual battery and write primarily to discuss his argument that the court erroneously admitted hearsay statements of the victim concerning medical diagnosis and treatment. We also briefly address his other issues.
Defendant was charged with events occurring some two years before the victim first brought the alleged crimes to light. During the trial, the court admitted hearsay testimony by a Senior Case Coordinator from the Children's Home Society. She testified that, at police request, she had arranged for the victim to be given an examination by a physician to ascertain whether there was any physical evidence of the alleged acts. She arranged for the child to be physically examined by a nurse-practitioner in her presence. Whilst the examination was underway, the Case Coordinator testified that the child told both women that his step-father (defendant) had inserted "his private part" inside him, causing bleeding, and that he had committed oral sex on him when he was 7 or 8 years old. Over defendant's objection, the court admitted part of this hearsay testimonythat the incidents had occurred but not the identity of the assailantas a statement of medical diagnosis.
Section 90.803(4) allows the admission of:
"Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."
§ 90.803(4), Fla. Stat. (2003). The commentary to the Evidence Code explains the purpose of this hearsay exception as follows:
"Because of the strong motivation to be truthful when making statements to physicians for the purpose of diagnosis and treatments, the statements are treated as an exception to the hearsay rule.... This exception permits testimony *19 relating to causation only when it is reasonably pertinent to diagnosis or treatment.
Under this subsection, statements need not have been made to a physician. Statements to hospital attendants, ambulance drivers, or even members of the family might be included.... The fact that an `examining' physician depends in part on information gained from the patient in addition to findings from his examination will not prevent the physician from testifying as an expert nor will it prevent the physician from relating statements made by the patient." [c.o.]
6C Fla. Stat. Ann. 348 (1999).
The trial judge in this case carefully limited the hearsay declarations for medical treatment only to describe the acts involved without identifying the perpetrator. See State v. Jones, 625 So.2d 821, 823 (Fla.1993) ("The medical diagnosis or treatment hearsay exception ... is premised on the assumption that a person seeking medical help has a strong motivation to be truthful because of the desire for effective treatment. In addition to statements about symptoms, statements describing the inception or cause of an illness or injury are admissible under the exception if they are reasonably pertinent to diagnosis or treatment.");[1]Hanson v. State, 508 So.2d 780 (Fla. 4th DCA 1987) (physician's testimony that victim had stated that someone had sex with her was admissible under § 90.803(4) in sexual battery prosecution, but testimony identifying perpetrator was error).
Our decision in Begley v. State, 483 So.2d 70 (Fla. 4th DCA 1986), is not to the contrary. In that case, the prosecution sought to admit under section 90.803(4) statements made to a sexual abuse counselor. The counselor testified that her job required her to prepare young children for courtroom testimony and that she met with the victim "just to see how she was doing and what was troubling her at the time." 483 So.2d at 73. We held that the hearsay was unsupported by any showing of a purpose of medical diagnosis.
In the current case, however, the Case Coordinator testified that her role was "to insure that the child knows why he is at the medical exam and to obtain history so that the medical examiner can diagnose or treat." She added that the examination was to "attempt to diagnose any injury, if an injury is present, or to reassure the child that they [sic] is okay." The trial court made an express finding that the child knew that his statements were being used for medical diagnosis and possible treatment. We conclude that the record adequately supports the admission of the hearsay testimony by the Case Coordinator under section 90.803(4).
We also hold that it was not error to admit the testimony through the Case Coordinator rather than through the nurse, who was unavailable to testify. As the commentary makes plain, the purpose of this exception envisions persons in the capacity of this witness testifying to such statements. The witness simply related what the child told the nurse after being advised that the exam was for diagnosis and possible treatment. The child also said that he suffered bleeding when the events occurred, so there was a plausible basis to consider possible treatment as a result of the exam.
There also was no error in admitting the testimony of the child's father and *20 a Child Protective investigator from the Department of Children and Families. In both instances defendant objected on the basis of Postell v. State, 398 So.2d 851, 854 (Fla. 3d DCA 1981), contending that the testimony implied inadmissible hearsay evidence. In each instance, however, even if it could be said that hearsay was supplied by implication, the declarant actually testified during the trial. As we read Postell, its ruling applies only when the declarant is not available to testify. The Postell court made clear that the mischief was in denying a defendant the right to confront the declarant. The right of confrontation is not impaired when the declarant takes the stand and testifies.
As for the state's opening statement about all the children being removed, we note that the trial court found that, even if error, the statement did not "vitiate the entire trial." We add that the record discloses uncontested testimony to the effect that the children were in fact all removed from the home. Defendant has failed to demonstrate that the opening statement operated to prejudice him in any discernible manner.
AFFIRMED.
GUNTHER, J., and KRATHEN, DAVID H., Associate Judge, concur.
NOTES
[1] Cf. Conner v. State, 748 So.2d 950, 959-60 (Fla.1999) (recognizing that policies supporting validity of narrowly drawn child abuse hearsay exception are not present in elderly adult context).