PER CURIAM.
We affirm on the grounds that the testimony of the expert witness — a medical doctor qualified as an expert in matters of involuntary sexual battery — that there was injury to the child’s anal cavity and that the injury was inconsistent with accident or self-infliction, but was consistent with an intentional penetration by another person sufficiently established the corpus delicti as a predicate for admitting defendant’s confession, see e.g., Vaillancourt v. State, 288 So.2d 216 (Fla.1974); Holland v. State, 359 So.2d 28 (Fla.3d DCA 1978), cert. denied, 367 So.2d 1124 (Fla.1979); Eierle v. State, 358 So.2d 1160 (Fla.3d DCA 1978), cert. denied, 364 So.2d 884 (Fla.1978). The time period stated within the indictment as the date of offense is not a necessary element to establishing the corpus delicti.
Affirmed.