556 So.2d 521 (1990)
Steven RIVET, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2508.
District Court of Appeal of Florida, Fifth District.
February 8, 1990.
Russell E. Crawford, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
McNULTY, J.P., Associate Judge.
Appellant appeals from his conviction after jury trial, and mandatory minimum twenty-five year life sentence, for the sexual battery of a three and a half year old girl. Although there was considerable evidence bearing on appellant's opportunity to commit the charged offense, the victim, four and a half at the time of trial, was the sole eyewitness identifying appellant as the perpetrator.
In his principal points on appeal appellant assails the trial judge's determination that the victim was competent to testify without taking an oath. We reject appellant's arguments and affirm.
At the outset, we point out, that "... a child's competency is fixed when he or she is offered as a witness not when the facts testified to occurred." Griffin v. State, 526 So.2d 752 (Fla. 1st DCA 1988). Accordingly, a videotape interview of the victim made shortly after the offense a year earlier when the child was three and a half, and which was introduced by appellant as an attempt at impeachment  obviously rejected by the jury  is irrelevant to the issue of the child's competence as a witness at trial.[1]
As to competence generally, a witness is qualified to testify if he is capable "... of expressing himself concerning the matter in such a manner as to be understood ..." and is "... capable of understanding the duty of a witness to tell the truth." § 90.603, Fla. Stat. (1988). Moreover, in the court's discretion, "... a child may testify without taking the oath if *522 the court determines the child understands the duty to tell the truth or the duty not to lie." § 90.605, Fla. Stat. (1988). In Lloyd v. State, 524 So.2d 396 (Fla. 1988), our supreme court put it thusly, at p. 400:
[T]he established law of this state is that if an infant witness has sufficient intelligence to receive a just impression of the facts about which he or she is to testify and has sufficient capacity to relate them correctly, and appreciates the need to tell the truth, the infant should be permitted to testify.
See also Williams v. State, 400 So.2d 471 (Fla. 5th DCA) aff'd., 406 So.2d 1115 (Fla. 1981).
In exercising his discretion here, the trial judge allowed two separate voir dire examinations of the victim outside the jury's presence. Following the procedure suggested in Lloyd v. State and in Griffin v. State, supra, the court participated in both.
The first of these occurred the first day of trial. It arguably may be gleaned from the record of that voir dire that the child was somewhat intimidated by her surroundings and exhibited nervousness and reticence. Her responses to questions asked were hesitant and demonstrated an apparent lack of alertness or recall. However, the trial judge did not rule on her competency that day.
On the following day the state again submitted the child for voir dire. Again each of counsel and the court participated, but this time it is clear from the record the child was much more comfortable in her surroundings. She was apparently much more outgoing, her responses were appropriate and her intelligence and ability to recall were much more ascertainable. At the conclusion of the second voir dire, the court made the following determination:
The court allowed the state and the defense to inquire further of the victim, [K.M.] this morning at approximately 11:30 A.M. in order to assist the court in making a decision as to whether or not the witness, who is approximately four and a half years old at the present time, was capable of observing and recalling facts, narrating those facts to the court or to a jury, and whether or not the witness had the moral sense and not only obligation to tell the truth. Under 90.603 and 90.605 this determination must be made before the court can allow a witness to proceed.
The court noted that the witness did articulate the difference between telling a lie and telling the truth; that the court observed that the witness identified a court deputy who has distinctive green clothing, together with the counterparts of a court deputy or bailiff, belt, so forth, who was identified as being a police person; that she recalled her brothers' names, what she had for supper, when her birthday was, and the court rules based upon both hearings that the witness is competent to testify in this court and qualifies under the criteria set down in the evidence code and in the case of Griffin v. State, of Florida, First District Court of Appeal case at 526 So.2d 752.
There is ample evidence in the record to support that conclusion, and we cannot say that the trial judge abused his discretion in reaching it.
Appellant's additional contention, that the second day's voir dire demonstrates that the child was programmed by the coaching of her mother and by others cannot be sustained. In any case, the issue of "parroting" was argued to the jury and obviously resolved against appellant.
Finally, on the issue of competency of witness, we think it appropriate for an appellate court to review the witness' full testimony at trial, either to bolster the trial judge's initial finding of competency or to support an argument that he was wrong. See Kentucky v. Stincer, 482 U.S. 730, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). We carefully have done so here and conclude that the child's full testimony, even more convincingly than in voir dire, supported the conclusion of the trial judge.
Appellant's remaining points on appeal are also without merit.
*523 Therefore, the judgment and sentence are affirmed.
AFFIRMED.
DAUKSCH, J., and ORFINGER, J., Retired, concur.
NOTES
[1] Nevertheless, indeed, a review of the tape reveals a remarkably bright, alert and intelligent child even at age three and a half; which tends, if anything, to bolster the trial court's determination of competence of the child at trial.