576 So.2d 854 (1991)
The STATE of Florida, Appellant,
v.
Ivan OCHOA, Appellee.
No. 89-399.
District Court of Appeal of Florida, Third District.
March 19, 1991.
Robert A. Butterworth, Atty. Gen., and Yvette Rhodes Prescott and Anita J. Gay, Asst. Attys. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Henry H. Harnage and Bruce A. Rosenthal, Asst. Public Defenders, for appellee.
Before BARKDULL, COPE and GERSTEN, JJ.
COPE, Judge.
The State appeals dismissal of charges against defendant Ivan Ochoa on two counts of sexual battery and one count of *855 lewd assault. The trial court ruled that the minor victims' statements to a physician were inadmissible hearsay and that therefore the State failed to show corpus delicti. We reverse.
Defendant was charged with one count of sexual battery and one count of lewd assault on a ten-year-old girl, and one count of sexual battery on her seven-year-old sister. Both children were examined by a physician at the Rape Treatment Center at Jackson Memorial Hospital. Defendant gave a confession to the police. The defense subpoenaed the ten-year-old for deposition but she failed to appear. Thereafter, the mother left Dade County with both children, who had not been located at the time of the hearing below.
Defendant moved in limine to exclude, as inadmissible hearsay, the victims' statements to the physician at the rape treatment center. After conducting an evidentiary hearing on the motion, the trial court concluded that the statements to the physician were inadmissible and that in the absence of the statements, the State had failed to show corpus delicti. The court also ruled, alternatively, that the statements, even if admissible, would not be sufficient to establish corpus delicti. Since, in the absence of corpus delicti, defendant's confession would not be admissible, the trial court granted defendant's ore tenus motion to dismiss all charges.
On this appeal, the State urges that the statements are admissible and that corpus delicti has been established. The defense contends that the trial court's rulings are correct and alternatively, that the statements must be excluded by reason of the Confrontation Clause.

I.
The State contends that the victims' statements to the physician, although hearsay, were admissible as statements for purposes of medical diagnosis or treatment under subsection 90.803(4), Florida Statutes (1989).[1] Omitting that portion of the statements pertaining to the identity of the perpetrator, the victims' statements were in essence that they had been touched in the genitalia by an adult male and had experienced some pain when that happened.[2] The physical examination revealed conditions consistent with digital penetration and inconsistent with an accidental occurrence.
At the hearing below, the trial court ruled that the State had not laid the necessary predicate to establish that the statements were made to the physician for purposes of medical diagnosis or treatment. Relying on Begley v. State, 483 So.2d 70 (Fla. 4th DCA 1986), the court excluded the statements.
The hearsay exception set forth in subsection 90.803(4) applies to "[s]tatements made for purposes of medical diagnosis or treatment by a person seeking the diagnosis or treatment ... which statements describe medical history, past or present symptoms, pain, or sensations, or the inceptions or general character of the cause or external source thereof, insofar as reasonably pertinent to diagnosis or treatment."[3] *856 Begley holds that for a statement to be admissible under this exception, "there must be a showing (a) that the statements were made for the purposes of diagnosis or treatment, and (b) that the individual making the statements knew the statements were being made for this purpose." 483 So.2d at 73; accord Lazarowicz v. State, 561 So.2d 392, 394 (Fla. 3d DCA 1990).
In Begley, the child declarant met with a counselor at a sexual assault treatment center. While there was a discussion between the child and the counselor, there was no showing that the statements were made for purposes of medical diagnosis or treatment. 483 So.2d at 73. Accordingly, the statements were excluded.
In the present case, by contrast, the victims were taken to the Rape Treatment Center, a medical facility at Jackson Memorial Hospital. The purpose for the visit was a physical examination. The doctor introduced himself as such, took a history, and conducted a physical examination. Both parts of the Begley test were satisfied.
The defense argues that the necessary predicate  specifically, the second part of the Begley test  cannot be established without the child declarant. That position is without merit. Neither the Code nor Begley require that the showing be made solely through the testimony of the declarant. Where, as here, the declarant is unavailable, the necessary predicate can be established through other evidence. In the present case, that was done by the testimony of the examining physician. The Begley test was satisfied and the evidence was admissible.

II.
The defense contends that the victims' statements to the examining physician cannot come in, even if within the exception for medical diagnosis and treatment, unless there is an additional showing that the statements made by the victims were reliable. The Evidence Code itself does not require such an additional showing. Instead, the courts have considered that the rationale underpinning the medical diagnosis and treatment exception applies to adults and minors alike,[4] and treat a child declarant's statements as admissible under this hearsay exception.[5] Questions *857 about the age of the child and circumstances under which the statement was made ordinarily go to the weight, rather than admissibility, of the testimony. If there is a particularized showing that the specific hearsay statement lacks the necessary reliability, then the court has the power to exclude it,[6] but no such particularized challenge has been made with respect to the statements in the present case.[7]
The defense contends, however, that the Confrontation Clause requires an additional showing of reliability before a child's statements may be introduced under subsection 90.803(4), and that such a showing must be made in every case as a matter of routine. For that proposition the defense relies on Idaho v. Wright, ___ U.S. ___, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990).
In Idaho v. Wright, a child victim of sexual abuse was examined by a pediatrician. During the examination, the child made statements identifying the perpetrator as her father. Because under ordinary circumstances, statements identifying a perpetrator are not admissible as statements made for purposes of medical diagnosis or treatment,[8] the prosecution could only introduce the child's statements identifying her father as the perpetrator by relying on Idaho's residual hearsay rule, the Idaho counterpart of Federal Rule of Evidence 803(24).[9] At trial, the child's *858 statements were admitted into evidence under that rule. On review, the United States Supreme Court considered whether the admission of the evidence under Rule 803(24)  which is not a firmly-rooted hearsay exception  violated the Confrontation Clause. Idaho v. Wright dealt only with the residual hearsay exception and did not deal with the exception for medical diagnosis and treatment.
Against that background, the Idaho v. Wright court reviewed the Confrontation Clause principles applicable to exceptions to the hearsay rule. "The Confrontation Clause ... bars the admission of some evidence that would otherwise be admissible under an exception to the hearsay rule." ___ U.S. at ___, 110 S.Ct. at 3146, 111 L.Ed.2d at 651 (footnotes omitted). The Confrontation Clause does not, however, require exclusion of all such testimony. Id. Instead,
the Confrontation Clause "operates in two separate ways to restrict the range of admissible hearsay." .. . "First, in conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case ..., the prosecution must either produce or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant." ... Second, once a witness is shown to be unavailable, "his statement is admissible only if it bears adequate `indicia of reliability.' Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness."
Id. (emphasis added; citations omitted).
In the present case, the first part of the test is satisfied because the trial court made a finding that the victims were unavailable.[10] As to the second part of the test, the evidence sought to be introduced falls within a firmly rooted hearsay exception. That being so, "`[r]eliability can be inferred without more... .'" Id.[11] No further Confrontation Clause inquiry is required under Idaho v. Wright.[12] The victims' statements for purposes of diagnosis and treatment are admissible.

III.
The State next contends that the trial court erred by ruling that the State had not, and could not, establish corpus delicti. The trial court reasoned that, even if the victims' statements to the physician were admitted into evidence, the statements identifying the defendant as perpetrator would be inadmissible. See supra note 2. The State concedes that the record made below does not establish that the statements identifying the defendant as perpetrator were statements made for purposes of medical diagnosis or treatment, and concedes for purposes of this appeal that that portion of the victims' statements would have to be excluded.
Proof of corpus delicti is required in this case as a prerequisite for the admission into evidence of the confession made *859 by the accused. See Stone v. State, 378 So.2d 765, 771 (Fla. 1979), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980); State v. Allen, 335 So.2d 823, 825 (Fla. 1976); Ruiz v. State, 388 So.2d 610, 611 (Fla. 3d DCA 1980), review denied, 392 So.2d 1380 (Fla. 1981); Sciortino v. State, 115 So.2d 93, 95 (Fla. 2d DCA 1959). "The state has a burden to bring forth `substantial evidence' tending to show the commission of the charged crime. This standard does not require the proof to be uncontradicted or overwhelming, but it must at least show the existence of each element of the crime." State v. Allen, 335 So.2d at 825 (footnotes omitted). However, "[t]he state is not obligated to rebut conclusively every possible variation, ... or to explain every possible construction in a way which is consistent only with the allegations against the defendant." Id. at 826.
Contrary to the defense contention, the State is not required to establish that the accused is the guilty party. Id. at 825. There need only be proof that the incident occurred through the criminal agency of another; the proof of corpus delicti need not include proof of the identity of the wrongdoer, nor proof that the defendant was the wrongdoer. Id.; Sciortino v. State, 115 So.2d at 95, 96.
In the present case, the victims' statements to the physician indicated that they each had been touched in the genitalia by an adult male. The physical examination revealed conditions consistent with digital penetration and inconsistent with an accidental occurrence. Accordingly, the medical testimony and victims' statements establish corpus delicti.[13]

IV.
The State next contends that the trial court erred by dismissing the charges against the defendant pursuant to the ore tenus motion during the hearing below. The State is correct. The trial court was not authorized to dismiss in the absence of a pending motion and proper notice. State v. Earl, 545 So.2d 415, 416 (Fla. 3d DCA 1989). The court may not dismiss an information on the basis of a finding that the evidence is insufficient to support it, in the absence of a sworn motion to dismiss under Rule 3.190(c)(4), Florida Rules of Criminal Procedure. State v. Brooks, 388 So.2d 1291, 1292 (Fla. 3d DCA 1980).
The order under review is reversed and the cause is remanded for further proceedings consistent herewith.
NOTES
[1] In the trial court the State also relied on subsection 90.803(23), Florida Statutes (1989). On this appeal the State relies exclusively on subsection 90.803(4).
[2] For purposes of this appeal the State does not seek admission of that portion of the victims' statements which identifies the defendant as the perpetrator. Traditionally the identity of the perpetrator has not been deemed pertinent to diagnosis or treatment. Ordinarily such a statement of identity is excluded when admitting evidence under subsection 90.803(4). See, e.g., Hanson v. State, 508 So.2d 780, 781 (Fla. 4th DCA 1987). See generally C. Ehrhardt, Florida Evidence § 803.4 (2d ed. 1984 and supplement 1989). The State has followed that approach here.

Although this court has not decided the point, there is some authority for the proposition that a statement of identity is admissible under this hearsay exception in a child abuse case where shown to be pertinent to medical diagnosis or treatment. See United States v. Provost, 875 F.2d 172, 176-77 (8th Cir.), cert. denied, ___ U.S. ___, 110 S.Ct. 170, 107 L.Ed.2d 127 (1989); United States v. Renville, 779 F.2d 430 (8th Cir.1985); see also A.M. v. State, 574 So.2d 1185 (Fla. 3d DCA 1991). See generally C. Ehrhardt, Florida Evidence § 803.4.
[3] Also within subsection 90.803(4) are statements "made by an individual who has knowledge of the facts and is legally responsible for the person who is unable to communicate the facts... ." Id.
[4] rationale behind the rule has often been stated. It focuses upon the patient and relies upon the patient's strong motive to tell the truth because diagnosis or treatment will depend in part upon what the patient says. It is thought that the declarant's motive guarantees trustworthiness sufficiently to allow an exception to the hearsay rule. See Meaney v. United States, 112 F.2d 538 (2d Cir.1940). Judge Weinstein, in his treatise, suggests another policy ground. He writes that "a fact reliable enough to serve as the basis for a diagnosis is also reliable enough to escape hearsay proscription." Weinstein & Berger, supra, at 803-129. This principle recognizes that life and death decisions are made by physicians in reliance on such facts and as such should have sufficient trustworthiness to be admissible in a court of law. This rationale closely parallels that underlying rule 703 and suggests a similar test should apply, namely  is this fact of a type reasonably relied upon by experts in a particular field in forming opinions. See Fed.R.Evid. 703 (Basis of Opinion Testimony by Experts). Thus, two independent rationales support the rule and are helpful in its application. A two-part test flows naturally from this dual rationale: first, is the declarant's motive consistent with the purpose of the rule; and second, is it reasonable for the physician to rely on the information in diagnosis or treatment.
United States v. Iron Shell, 633 F.2d 77, 83-84 (8th Cir.1980), cert. denied, 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981).
To that might be added that the physician engages in a focused inquiry to elicit the patient's history and symptoms, some of which can be verified by physical observation or testing, and that the physician is trained to maintain an accurate contemporaneous record which is available for later reference. See generally 4 J. Weinstein & M. Berger, Weinstein's Evidence para. 803(4)[01] (1990).
[5] E.g., United States v. Iron Shell, 633 F.2d at 84 (nine year old declarant); Morgan v. Foretich, 846 F.2d 941, 948-50 (4th Cir.1988) (statements by a three-year-old declarant); United States v. Shaw, 824 F.2d 601, 608 (8th Cir.1987) (statements by an eleven-year-old declarant), cert. denied, 484 U.S. 1068, 108 S.Ct. 1033, 98 L.Ed.2d 997 (1988); United States v. DeNoyer, 811 F.2d 436, 438 (8th Cir.1987) (statements by a five-year-old declarant); United States v. Renville, 779 F.2d 430, 436-39 (8th Cir.1985) (statements by an eleven-year-old declarant); see also Perez v. State, 536 So.2d 206, 209 n. 5 (Fla. 1988) ("a child victim's statements are `valuable and trustworthy in part because they exude the naivete and curiosity of a small child, and were made in circumstances very different from interrogation or a criminal trial,' ... and `therefore are usually irreplaceable as substantive evidence.'"), cert. denied, 492 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989).
[6] See § 90.803(4), Fla. Stat. (1989); C. Ehrhardt, Florida Evidence § 803.4, at 485 (power to exclude under § 90.403); 4 J. Weinstein & M. Berger, Weinstein's Evidence para. 803(4)[01], at 803-149 (power to exclude under Fed.R.Evid. 403 and Confrontation Clause).
[7] In the present case, the court indicated that the children had to be present and subject to examination in order to determine the reliability of the hearsay statements. In so reasoning the court appeared to treat the issue as one of determining competency of a child witness to testify in court.

There is a distinction between determining that a child declarant's statements are reliable for purposes of admissibility under a hearsay exception, and determining that a child is competent to testify in court. The criteria for determining reliability are set forth in this opinion. Reliability may be determined even though the declarant is unavailable. Reliability of a statement is judged as of the time of making the statement.
By contrast, if a child is to testify in court, then a determination of competency to testify is made under section 90.603, Fla. Stat. (1989). Competency is judged as of the time of testifying, and involves a determination "whether the child has sufficient intelligence (1) to perceive the facts and relate them correctly and (2) to understand the nature and obligation of an oath." C. Ehrhardt, Florida Evidence § 603.1, at 274-75; Rivet v. State, 556 So.2d 521 (Fla. 5th DCA 1990).
It is possible that a statement may be admitted under a hearsay exception even though the declarant is incompetent to testify. See Perez v. State, 536 So.2d at 211; Jano v. State, 510 So.2d 615, 619 (Fla. 4th DCA 1987), aff'd, 524 So.2d 660 (Fla. 1988); Glendening v. State, 503 So.2d 335, 340 (Fla. 2d DCA 1987), aff'd, 536 So.2d 212 (Fla. 1988), cert. denied, 492 U.S. 907, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989); see also Idaho v. Wright, ___ U.S. at ___, 110 S.Ct. at 3152-53, 111 L.Ed.2d at 658.
[8] See supra note 2.
[9] The Idaho residual hearsay rule provided:

"Rule 803. Hearsay exceptions; availability of declarant immaterial.  The following are not excluded by the hearsay rule, even though the declarant is available as a witness.
....
"(24) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence."
Idaho v. Wright, ___ U.S. at ___, 110 S.Ct. at 3144-45, 111 L.Ed.2d at 650.
Unlike Idaho, Florida has not adopted a state version of Federal Evidence Rule 803(24). However, the Florida Evidence Code contains subsection 90.803(23), the hearsay exception for statements of a child victim of, inter alia, sexual abuse. § 90.803(23), Fla. Stat. (Supp. 1990).
[10] Although the defense attacks this finding, there is competent substantial evidence to support it.
[11] The State has called to our attention United States v. Nick, 604 F.2d 1199 (9th Cir.1979), in which hearsay statements to a physician admissible under Federal Rule of Evidence 803(4) were subjected to additional tests of reliability under the Confrontation Clause. Insofar as Nick could be read to require an additional inquiry into the reliability of the child declarant's statements as a precondition to admission of the testimony, Nick does not survive the Supreme Court's later decisions in Idaho v. Wright and Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). We therefore decline to follow the procedure outlined in Nick.
[12] By contrast, Idaho's residual hearsay exception was not a firmly rooted hearsay exception. That being so, the Confrontation Clause required a showing of particularized guarantees of trustworthiness in order to admit into evidence the child's statements identifying the perpetrator.

Idaho v. Wright does not, in other words, add an additional level of scrutiny when a child's hearsay is involved. Instead, Idaho v. Wright requires an additional guarantee of trustworthiness where the hearsay exception is not firmly rooted.
[13] In some instances, corpus delicti has been established by medical testimony alone for purposes of admitting a confession in a child sexual battery case. See Handwerk v. State, 404 So.2d 828 (Fla. 3d DCA 1981); Hester v. State, 310 So.2d 455 (Fla. 2d DCA 1975). See generally Ussery v. State, 382 So.2d 380 (Fla. 3d DCA 1980).