KLEIN, J.
Appellant was convicted of sexual battery on a mentally defective person over the age of twelve. We affirm, finding that there was sufficient evidence to go to the jury on mental defectiveness.
Our sexual battery statute makes it a second degree felony to commit sexual battery on a “mentally defective” person over the age of twelve without physical force or violence. § 794.011(4)(e), Fla. Stat. (1997). “Mentally defective” is defined as “a mental disease or defect which renders a person temporarily or permanently incapable of appraising the nature of his or her conduct.” § 794.011(l)(b), Fla. Stat. (1997).
The victim in this case was in his early twenties at the time of the incident. His grandmother, with whom he had lived since he was two years old, testified that the victim behaves like a four or five year old in some respects, and a nine or ten year old in others. He is unable to read or write, but is able to sign his name.
*1054 The appellant was a driver for a Bro-ward County transportation service for handicapped people and had transported the victim to activities for handicapped people. After seeing a television program’ on sexual molestation, the victim told his grandmother that it had happened to him. He identified the appellant as the perpetrator.
The victim, after being examined by the court, was found competent to testify at trial. He testified that on one occasion the appellant followed him into the bathroom of a gas station and performed oral sex on him under threats of violence. Appellant admitted that the incident had occurred, but claimed that the victim had approached him for sex and that the sex was consensual.
In order to prove that the victim was mentally defective, the state called the school psychologist who had worked with the victim for three years at a school which the mentally handicapped can attend until they reach the age of twenty-two. She had administered an IQ test to the victim, and his score was thirty-six. The average score for a normal adult would be from ninety to one hundred and nine. People scoring less than sixty-nine are considered mentally handicapped or mentally retarded. Describing people scoring in the area that the victim scored, the psychologist stated:
They may have very weak skills, may be able to learn to write their name or copy their name, but they may not necessarily write like you and I would write our name. And in terms of independent, they’re not completely, they’re not completely independent in terms of being able to go running an errand on their own or maybe even cross the street on their own in terms of socialization with others. It’s the same thing we’re looking at, somebody who is mentally much younger than they are chronologically.
On cross-examination the psychologist testified that the statutory term “mentally defective” was not a psychological term and that she could not define it.
Appellant argues, based on Mathis v. State, 682 So.2d 175 (Fla. 1st DCA 1996), that the evidence was insufficient to show that the victim was mentally defective. In Mathis, the victim was twelve at the time of the incident, and the state attempted to demonstrate that the victim was mentally defective through the testimony of a school psychologist who had administered an IQ test about fifteen months beforfe the incident. The victim fell at the upper end of the “trainable mentally handicapped range,” which translated to a “mental and developmental age” of between five and seven years. As in the present case the psychologist was not familiar with the term mentally defective. In holding that the evidence was insufficient to go to the jury on mental defectiveness, the first district stated:
Of critical importance is the fact that Ms. Bryant was not asked whether, on the date of the alleged sexual battery, the alleged victim was suffering from “a mental disease or defect which render[ed][her] temporarily or permanently incapable of appraising the nature of ... her conduct.”
Mathis, 682 So.2d at 180.
In Mathis, the state argued that the psychologist’s opinion, that the mental and developmental age of the victim was between five and seven years, was sufficient proof of a mental defect, but the Mathis court disagreed:
No evidence was offered as to the correlation, if any, between IQ and “mental and developmental age,” and the ability to understand “the nature” of one’s “conduct.” Children having a chronological age younger than the alleged victim’s “mental and developmental age” have been found to possess a sufficient understanding of the difference between the truth and a lie, and the moral obligation to relate the former rather than the latter, so as to be competent to testify in court. See, e.g., Rivet v. State, 556 So.2d 521 (Fla. 5th DCA 1990) (4 - *1055 year-old alleged victim competent to testify in sexual battery prosecution); Leon v. State, 498 So.2d 680 (Fla. 3d DCA 1986) (5-year-old alleged victim competent to testify in sexual battery prosecution). In fact, in this case, the trial court concluded, we believe correctly, that the alleged victim was competent to testify.
Id. at 180-81. The first district held the evidence legally insufficient for a jury to have found that the victim in Mathis was mentally defective on the date of the incident.
The Mathis court appears to have been influenced by the fact that the victim in Mathis was found competent to testify. The competency of the victim to testify is also an issue in the present case. In that regard the victim was asked and answered a number of questions in order to determine if he had the ability to relate facts and understand the difference between the truth and a lie. The trial court found that the victim had the ability to understand the difference and the moral obligation to testify truthfully.
In Lloyd v. State, 524 So.2d 396, 399-400 (Fla.1988), our supreme court, in holding that a five year old was properly allowed to testify at the trial at which his father was convicted of murder, explained:
At common law, a person under fourteen years of age was not considered a competent witness in any controverted matter.... That rule has been abandoned in this state, and the prime test of testimonial competence of an infant witness is his or her intelligence, rather than his or her age, and, in addition, whether the child possesses a sense of obligation to tell the truth.... It is the established law of this state that if an infant witness has sufficient intelligence to receive a just impression of the facts about which he or she is to testify and has sufficient capacity to relate them correctly, and appreciates the need to tell the truth, the infant should be permitted to testify.... It is within the discretion of the trial judge to decide whether an infant of tender years has sufficient mental capacity and sense of moral obligation to be competent as a witness, [citations omitted.]
We do not see a problem, as the Mathis court may have, with a victim being found able to understand the moral obligation to testify truthfully, and still being mentally defective under the statutory definition. It is not unusual for a child who is actually or mentally five years old to sufficiently understand the moral obligation to tell the truth so as to be competent to testify. Telling the truth is a basic value of our society which is drummed into the heads of children as soon as they are able to reason. The fact that such a child is competent to testify, however, is not inconsistent with being mentally defective under section 794.011(l)(b), Florida Statutes. Unlike telling the truth, the inappropriateness of the type of sexual activity occurring in Mathis or this case is not necessarily something which is normally discussed with a person who is mentally only five years old.
In addition to arguing that we should not follow Mathis, the state argues that there is more evidence of mental defectiveness in the present case than there was in Mathis. We agree with the state that the evidence was stronger in this case, in that the IQ of the victim was substantially lower, and the psychologist testified that a person like the victim should not be left to run an errand or cross the street on his own. We don’t know whether the evidence in this case would have satisfied the panel in Mathis, but we conclude that it was sufficient to allow the issue to go to the jury.
We have considered the other issues raised by appellant and find them to be without merit. Affirmed.
STEVENSON and HAZOURI, JJ., concur.