W. SHARP, J.
The state appeals from the trial court’s order which granted the defendant Tor-resgrossa’s Florida Rule of Criminal Procedure 3.190(c)(4) motion to dismiss an information charging him with sexual battery upon a mentally defective person.[1] Based on the undisputed facts in this case, we agree with the trial court that the victim in this case was not a mentally defective person as a matter of law. Accordingly, we affirm the dismissal order.
Torresgrossa was charged with violating section 794.011(4)(e):
(4) A person who commits sexual battery upon a person 12 years of age or older without that person’s consent, under any of the following circumstances, commits a felony of the first degree ...
[[Image here]]
(e) When the victim is mentally defective and the offender has reason to believe this or has actual knowledge of this fact.
The undisputed facts in this case establish that the victim, Lori Faust, is in her mid-thirties. Faust’s intellect is below average and the state’s expert classified Faust as falling within the mildly mentally retarded range. Nonetheless, Faust has never been involuntarily committed, has never been adjudged incompetent, has never been the subject of guardianship proceedings, has never had a guardian appointed, has no history of hallucinations, delusions, or psychosis, does not suffer from any perceptual disorder, and is not precluded from entering into contracts, marrying, voting, or driving a vehicle. Faust has a high school diploma, has periodically held employment and had a driver’s license. Faust had consensual sexual relations -with a previous boyfriend and had discussed marriage with him.
Faust became involved with the defendant, Torresgrossa, her next-door neighbor. Faust saw Torresgrossa every day and considered him to be a “fun” person. The two went for walks and rode bicycles together. Torresgrossa bought presents for her. Faust was aware that Torresg-rossa was married and that he had children. Faust described the act of sexual intercourse, was aware that she was having sexual relations with Torresgrossa and described the number and types of activities in which they engaged. Faust had a prescription for birth control pills and knew that their purpose was to ensure that she did not get pregnant.
The only countervailing evidence presented was Dr. Poetter’s (a psychologist) deposition which the state stipulated the trial court should consider in making its ruling. She opined that Faust was mildly mentally retarded and incapable of realizing the nature of her conduct. She stated Faust has a mental age of ten years and one month, but admitted that an IQ score only predicts how well a person should achieve academically. Dr. Poetter acknowledged Faust was legally sane, competent to testify as a witness in court, not subject to commitment proceedings, and that there was nothing to prevent her from marrying and having children. Dr. Poetter also thought Faust’s sexual rela *1011 tions with her prior boyfriend were consensual. However, with regard to the sexual relations with Torresgrossa in this case, she believed Faust had been manipulated because of her mental age.
We do not think Dr. Poetter’s opinion is sufficient to create a material issue of fact concerning Faust’s possible mental defectiveness for purposes of this criminal statute. “Mentally defective” is defined as a mental disease or defect which renders a person temporarily or permanently incapable of appraising the nature of his or her conduct. § 794.011(1)(b), Fla. Stat.[2] This definition is similar to the definition of insanity. See Mathis v. State, 682 So.2d 175 (Fla. 1st DCA 1996).[3] While Faust may be more easily manipulated because of her level of functioning, she was clearly aware and capable of appraising the nature of her conduct. Thus she was not “mentally defective.” Compare Wilburn v. State, 763 So.2d 353 (Fla. 4th DCA), rev. denied, 719 So.2d 894 (Fla.1998) (victim suffered from organic brain syndrome and his memory and judgment centers were severely damaged).
AFFIRMED.
COBB, J., and ORFINGER, M., Senior Judge, concur.

. § 794.01 l(4)(e), Fla. Stat.

. The term “mentally defective" apparently is not a medical Lerm. See Bowman v. State, 760 So.2d 1053 (Fla. 4th DCA 2000) (psychologist testified that "mentally defective” was not a psychological term and she could not define it).

. An accused is not criminally responsible if, at the time of the alleged crime, the defendant was by reason of mental infirmity, disease or defect unable to understand the nature and quality of his act or its consequences or was incapable of distinguishing right from wrong. Cannady v. State, 620 So.2d 165 (Fla.1993); Hall v. State, 568 So.2d 882 (Fla.1990).