913 So.2d 1234 (2005)
John Richard DOUGLAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2603.
District Court of Appeal of Florida, Third District.
November 9, 2005.
*1235 Bennett H. Brummer, Public Defender and Gwendolyn Powell Braswell, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Maria T. Armas, Assistant Attorney General, for appellee.
Before GERSTEN and GREEN, JJ., and SCHWARTZ, Senior Judge.
GREEN, J.
John Richard Douglas appeals his conviction and sentence. The state cross-appeals the defendant's sentence. We affirm on appeal and on cross-appeal.
Appellant was charged with: sexual battery on a person under twelve years old (counts 1 and 2); lewd and lascivious molestation of a person under twelve years old (count 3); lewd and lascivious battery on a person over twelve and under sixteen years old (counts 4 and 5); and lewd and lascivious molestation on a person over *1236 twelve but under sixteen years old (count 6). The victim, appellant's stepdaughter, was thirteen at the time of trial. She testified that the abuse occurred on various occasions before and after she turned twelve, but she could not remember exact dates before she turned twelve.
The victim was taken to a rape center treatment center. The center's physician was allowed to testify as to the victim's history, as well as the findings from his physical examination. The appellant objected to the testimony regarding the history on the grounds of hearsay. The prosecutor asserted that the testimony was admissible under the medical diagnosis hearsay exception. The court overruled the objection. The physician then testified that the victim reported that she had been sexually abused two days before. His medical examination substantiated the victim's abuse allegations.
The appellant was acquitted of counts one through three and found guilty as charged of the remaining three charges. At sentencing, the state urged the court to impose consecutive 15 year sentences, because the victim had testified to several abuse incidents. Appellant argued that the evidence only established one criminal episode, as testified to by the physician, and therefore the appellant could only be sentenced on one count. The court sentenced appellant to fifteen years on each count to run concurrent. This appeal followed.
Appellant first argues on appeal that the trial court erred in permitting the physician's testimony under the medical diagnosis hearsay exception. We disagree. Section 90.803(4), Fla. Stat. (2003), creates a hearsay exception to statements made "for purposes of medical diagnosis or treatment by a person seeking the diagnosis or treatment." The victim's statements to the physician that she had been sexually assaulted were reasonably pertinent to the physician's diagnosis or treatment. See Conley v. State, 620 So.2d 180, 184 (Fla. 1993). This court has found such statements to be admissible. Brown v. State, 611 So.2d 540, 543 (Fla. 3d DCA 1992); Pagan v. State, 599 So.2d 744, 745 (Fla. 3d DCA 1992); State v. Ochoa, 576 So.2d 854, 856 (Fla. 3d DCA 1991). In this case, the physician's testimony was admissible under 90.803(4) because there was the requisite showing "(a) that the statements were made of the purposes of diagnosis or treatment, and (b) that the individual making the statements knew the statements were being made for this purpose." Ochoa, 576 So.2d at 856 (quoting Begley v. State, 483 So.2d 70, 73 (Fla. 4th DCA 1986)). The victim was taken to the treatment center for a medical exam and the physician conducted such an exam. Hence, the physician's testimony was admissible.
As his second issue on appeal, appellant argues that the trial court erred in sentencing him on each count. We agree with the state's assertion that this issue was not preserved for review by a specific objection. F.B. v. State, 852 So.2d 226 (Fla.2003). Even if it had been preserved, it lacks merit because there was ample record evidence for Douglas to have been convicted on the three separate counts. "[T]he different acts of touching are to be viewed with reference to the spatial and temporal aspects of the surrounding circumstances in order to determine whether the defendant had time to pause, reflect and form a new criminal intent between occurrences." Paul v. State, 912 So.2d 8, 10 (Fla. 4th DCA 2005). In this case there was sufficient evidence from the victim that there was a series of abuse events occurring at different times, on different dates, and in different locations throughout the house. Moreover, the physician's testimony substantiated the *1237 victim's story that there were multiple incidents. Thus, ample evidence was presented at trial to support the jury's conviction on all three counts. Paul.
We also hold that the trial court properly denied the motion for judgment of acquittal on the lewd and lascivious molestation count (count 6). The victim testified that the defendant had touched her, with and without her clothes on, before and after she turned twelve. The testimony was substantiated by the physician's examination findings. Hence, there was sufficient evidence for the jury to convict appellant on this count and the trial court's denial of the motion for judgment of acquittal will not be reversed. § 800.04(5), Fla. Stat. (2003); Hutchinson v. State, 882 So.2d 943, 955-56 (Fla.2004).
Finally on the cross-appeal, the state asserts that the trial court erred in imposing a downward departure sentence upon the appellant without providing written reasons. The record, however, reflects that the state interposed no objection to the sentence. This error in sentencing cannot be raised for the first time on appeal "unless the error has first been brought to the attention of the trial court at the time of sentencing or by motion pursuant to Florida Rule of Criminal Procedure 3.800(b)." State v. Hamner, 816 So.2d 810, 812 (Fla. 5th DCA 2002). As the state did neither, we will not review the error here. State v. Leggett, 792 So.2d 646 (Fla. 3d DCA 2001); State v. Reed, 848 So.2d 1225 (Fla. 1st DCA 2003).
Based on the foregoing, the appellant's convictions and sentences are affirmed.