929 So.2d 1190 (2006)
STATE of Florida, Appellant,
v.
James Kevin DORT, Appellee.
No. 4D05-3839.
District Court of Appeal of Florida, Fourth District.
June 7, 2006.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellee.
GROSS, J.
The state challenges the circuit court's imposition of a downward departure sentence without providing written reasons or *1191 engaging in the proper analysis. See §§ 921.0026(1), 921.00265, Fla. Stat. (2004); State v. Baksh, 758 So.2d 1222, 1224-25 (Fla. 4th DCA 2000). We affirm the sentence because the state failed to preserve the issue in the trial court.
An appeal may not be taken from a trial court judgment unless a prejudicial error is "properly preserved," or the error amounts to fundamental error. See § 924.051(3), Fla. Stat. (2005). To satisfy this preservation requirement, "an issue, legal argument, or objection to evidence" must be "timely raised before, and ruled on by, the trial court, and . . . the issue, legal argument, or objection to evidence" must have been "sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefore." § 924.051(1)(b), Fla. Stat. (2005). "The purpose of this rule is to `place[ ] the trial judge on notice that error may have been committed, and provide[ ] him an opportunity to correct it at an early stage of the proceedings.'" Harrell v. State, 894 So.2d 935, 940 (Fla.2005) (citing Castor v. State, 365 So.2d 701, 703 (Fla.1978)).
At the sentencing hearing in this case, the state failed to object to the downward departure sentence. The sentencing issue has therefore not been preserved for appellate review. See Douglas v. State, 913 So.2d 1234, 1237 (Fla. 3d DCA 2005).
Affirmed.
WARNER and HAZOURI, JJ., concur.