PER CURIAM.
 

 In this direct criminal appeal, the state seeks review of an order granting appel-lee’s motion to dismiss the information charging appellee with sexual battery on a mentally defective person. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(A).
 
 See State v. Feagle,
 
 604 So.2d 824 (Fla. 1st DCA 1991). Although the trial court granted appellee’s motion to dismiss upon finding that section 794.011(4)(e), Florida Statutes (2007), was unconstitutional as applied to appellee’s sexual acts with the victim, we decline to address this constitutional question because the case can be resolved on nonconstitutional grounds.
 
 See In re Holder,
 
 945 So.2d 1130, 1133 (Fla.2006) (noting that the court will avoid considering a constitutional question when the case can be decided on nonconstitu-tional grounds);
 
 Singletary v. State,
 
 322 So.2d 551, 552 (Fla.1975) (adhering to the “settled principle of constitutional law that courts should not pass upon the constitutionality of statutes if the case in which the question arises may be effectively disposed of on other grounds.”). We affirm the trial court’s order granting appellee’s motion to dismiss because the undisputed facts did not establish a prima facie case that the victim was “mentally defective.”
 
 See State v. Torresgrossa,
 
 776 So.2d 1009, 1011 (Fla. 5th DCA 2001);
 
 Mathis v. State,
 
 682 So.2d 175, 180-81 (Fla. 1st DCA 1996).
 

 AFFIRMED.
 

 WEBSTER, DAVIS, and LEWIS, JJ., concur.